**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01693-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arturo Alarcon-Garcia, | |
| Defendant. | |

Defendant Arturo Alarcon-Garcia is charged with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(1). Doc. 10. Defendant has filed a motion to dismiss the indictment. Doc. 25. The motion is fully briefed, the Court heard oral argument on May 2, 2018, and the parties filed supplemental briefs. For the reasons stated below, the Court will grant Defendant's motion.

**I.     Background.**

Defendant is a non-U.S. citizen who was convicted in Maricopa County Superior Court on July 8, 2002, of an aggravated assault in violation of A.R.S. §§ 13-1203 and 1204. Doc. 31-7 at 5-6. Although he was sixteen years old at the time, he was convicted as an adult pursuant to A.R.S. § 13-501. *Id.*; *see also* Doc. 31-1 at 2 (birth year). Defendant was sentenced to 3.5 years in state prison. Doc. 31-7 at 11-12.

On January 15, 2004, the government gave notice to Defendant that it intended to administratively remove him from the United States because of the conviction. Doc. 31-6 at 2-3. The notice informed Defendant, who was 19 years old at the time, of

his right to counsel (*id.* at 2), but there is no evidence that Defendant affirmatively waived this right. Defendant admitted the notice's allegations and waived his right to contest removal. *Id.* at 3.

The government issued a Final Administrative Removal Order ("Order") on March 24, 2005. *Id.* at 4. The Order found that Defendant had been convicted of an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). *Id.* For this reason, the Order concluded that Defendant was removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *Id.* The government removed Defendant from the United States on the same day. *Id.* at 7.

Defendant subsequently returned to the United States and was convicted of illegal reentry twice. Case No. 2:16-cr-02029-WJ, Doc. 27 (D.N.M Aug. 4, 2016); Case No. 2:06-cr-00903-ROS, Doc. 44 (D. Ariz. Aug. 27, 2007). The government reinstated the Order and removed Defendant after each conviction. Doc. 31 at 2; Doc. 31-1 at 2.

Defendant was arrested in the United States again on October 28, 2017, and allegedly admitted to illegal reentry. Doc. 31-1 at 3. This indictment followed. Doc. 10.

**II. Legal Standard.**

A defendant may challenge the validity of a removal order only after meeting the three elements of § 1326(d):

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that --
>
> > (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> >
> > (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> >
> > (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

**III. All Requirements of § 1326(d) Are Satisfied.**

**A. The First Two Elements – Exhaustion of Administrative Remedies and Deprivation of Judicial Review.**

After the Order was issued in 2005, the Ninth Circuit held that a conviction under A.R.S. § 13-1203 is not a categorical "crime of violence" under 8 U.S.C. § 16(a). *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc); *see also Cornejo-Villagrana v. Sessions*, 870 F.3d 1099, 1103-04 (9th Cir. 2017). This decision encompasses a conviction under A.R.S. § 13-1204, which requires a conviction under § 13-1203. *See* A.R.S. § 13-1204(A). In the Ninth Circuit, this subsequent case law must be applied retroactively to the time of Defendant's removal in 2005. *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017) (per curiam); *United States v. Aguilera-Rios*, 769 F.3d 626, 632-33 (9th Cir. 2014). Applying *Fernandez-Ruiz* retroactively, the Court finds that "Defendant was not convicted of an offense that made him removable under the INA." *Ochoa*, 861 F.3d at 1015; *see also* 8 U.S.C. § 1101(a)(43)(F) (an "aggravated felony" justifying removal includes a "crime of violence" under 18 U.S.C. § 16(a)). As a result, the requirements of § 1326(d)(1) and (2) are satisfied. *Ochoa*, 861 F.3d at 1015 ("if Defendant was not convicted of an offense that made him removable under the INA to begin with, he is excused from proving the first two requirements.").[1]

**B. The Third Element – Fundamental Unfairness.**

The third requirement of § 1326(d) is controlled by a well-recognized rule in the Ninth Circuit: "Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015); *see also Ochoa*, 861 F.3d at 1015 ("if [a

---

[1] The Court previously concluded that the modified categorical approach does not help the government's position in this case. *See* Doc. 45. For reasons discussed at oral argument, the 2002 conviction documents provided by the government do not clearly show that Defendant was convicted under A.R.S. §§ 13-1203(A)(2) and 13-1204(A)(2), which can still constitute a crime of violence.

- 3 -

defendant] was removed when he should not have been, his removal was fundamentally unfair, and he may not be convicted of reentry after deportation." (internal quotation marks omitted)); *Aguilera-Rios*, 769 F.3d at 630 ("If Aguilera was removed when he should not have been, his 2005 removal was fundamentally unfair, and he may not be convicted of reentry after deportation." (internal quotation marks omitted)); *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) ("Camacho's Notice to Appear charged him as removable *only* for having committed an aggravated felony; as discussed above, Camacho's prior conviction did not fit that definition. Thus, Camacho was removed when he should not have been and clearly suffered prejudice." (emphasis in original)).

The government argues that this rule applies only when the Defendant was a lawful permanent resident ("LPR") who had a right to remain in the United States absent an erroneous removal order. Doc. 47 at 1-3. It is true that *Ochoa*, *Martinez*, *Aguilera-Rios*, and *Camacho-Lopez* all involved LPR defendants. *Martinez*, 786 F.3d at 1229; *Aguilera-Rios*, 769 F.3d at 629; *Camacho-Lopez*, 450 F.3d at 929. This case is different, the government argues, because Defendant was not a LPR and had no legal status in the United States. Doc. 47 at 1. As a result, he was removable in any event and cannot show prejudice from the incorrect finding of an aggravated felony. *Id.* at 2-3. This distinction makes sense to the Court, but the government does not cite, and the Court has not found, any Ninth Circuit decision that recognizes it. To the contrary, each of the decisions cited above states the rule in broad terms, making no distinction between LPRs and unauthorized aliens.

What is more, the Ninth Circuit recently applied the rule to a non-LPR defendant. In *United States v. Morales-Landa*, 608 F. App'x 474 (9th Cir. 2015), the court held that a defendant's ground for removal was not an aggravated felony. *Id.* at 475. *Morales-Landa* concluded: "Defendant has 'shown that the crime of which he was previously convicted was not an aggravated felony,' and has thus established that the entry of his removal order was fundamentally unfair." *Id.* at 475 (quoting *Martinez*, 786 F.3d

at 1230). The Ninth Circuit did not mention Morales-Landa's immigration status, *id.* at 474-75, but the district court opinion confirms that he was "a citizen of Mexico without legal status in the United States," *United States v. Morales-Landa*, 18 F. Supp. 3d 1015, 1017 (S.D. Cal. 2014).

District courts in this circuit have also applied the rule to non-LPR defendants. *See, e.g.*, *United States v. Gaspar-Juarez*, 291 F. Supp. 3d 1186, 1189 (D. Or. 2018) (non-LPR defendant demonstrated fundamental unfairness because his removal order was legally incorrect)[2]; *United States v. Cazares-Rodriguez*, No. 3:17-CR-00327-GPC-1, 2017 WL 2212031, at *19 (S.D. Cal. May 19, 2017) (non-LPR defendant "has demonstrated that his underlying removal order was fundamentally unfair because he was not removable as charged"); *United States v. Tavizon-Ruiz*, 196 F. Supp. 3d 1076, 1079 (N.D. Cal. 2016) (rejecting government's argument that prejudice is presumed only for LPR defendants); *United States v. Banda*, No. CR 11-01197 DDP, 2012 WL 3779027, at *4 (C.D. Cal. Aug. 31, 2012) (finding prejudice because non-LPR defendant was "improperly removed"); *but see United States v. Meliton-Salto*, No. 17CR523-BEN, 2017 WL 3252320, at *2 (S.D. Cal. July 31, 2017) (distinguishing between LPR and non-LPR defendants for purposes of prejudice presumed from a legally incorrect removal order).

In summary, Defendant's 2002 conviction under A.R.S. §§ 13-1203 and 13-1204 is, with hindsight, not an aggravated felony for purposes of federal immigration law. As a result, *Ochoa*, *Martinez*, *Aguilera-Rios*, *Camacho-Lopez*, and *Morales-Landa* require the Court to hold that his removal order was fundamentally unfair under § 1326(d)(3).

It is immaterial that the government could have, but did not, include alternative grounds for removal in the Order. The government argues that Defendant "was independently subject to removal in 2005 as an alien unlawfully in the United States." Doc. 47 at 2 (citing 8 U.S.C. § 1182(a)(6)(A)(i)). But the Order identified a single ground for removal, and subsequent precedent shows that this ground was based on legal

---

[2] The text of this decision does not confirm that the defendant was a non-LPR, but the case file does. The removal order notes that he was a non-LPR. Case No. 17-CR-00200-JO-1, Doc. 15-3 at 1 (D. Or. Oct. 25, 2017).

error. Ninth Circuit law requires a finding of prejudice in this situation. *See Camacho-Lopez*, 450 F.3d at 930 (finding prejudice where the *only* ground in the removal order was legal error).

The Court again notes that the government's argument has logical force. The Court agrees with Judge Graber's observation in *Ochoa* that Ninth Circuit precedent in this area largely reads the requirements of § 1326(d) out of the statute. *See Ochoa*, 861 F.3d at 1018-24 (Graber, J., concurring). But Judge Graber suggested en banc review to clarify the law, *id.* at 1018, and the Ninth Circuit apparently declined, Case No. 3:14-cr-00525-RS-1, Doc. 62 (N.D. Cal. Sept. 12, 2017). As a result, the Court must follow the precedent identified above.

**IV. Conclusion.**

Ninth Circuit precedent requires the Court to retroactively apply statutory interpretation decisions to questions of removability. *Fernandez-Ruiz* requires a finding that Defendant's state conviction was not an aggravated felony for purposes of federal immigration law. This conclusion alone is sufficient to satisfy all three requirements of § 1326(d), and requires dismissal of the indictment.

**IT IS ORDERED** that Defendant's motion to dismiss the indictment (Doc. 25) is **granted**.

**IT IS FURTHER ORDERED** that Defendant shall be released as to this case only.

Dated this 21st day of May, 2018.

_____
David G. Campbell
United States District Judge